

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2009

# Chandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4383

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chandra v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4383

———————

ANITA CHANDRA;
TADIUS HADIPRANATA,
                                        Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A95-869-998 & A95-869-999
(Immigration Judge: Honorable Charles M. Honeyman)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2009

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: January 23, 2009)

———————

OPINION OF THE COURT

———————

PER CURIAM.

        Petitioners Anita Chandra and Tadius Hadipranata seek review of an order of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order

of removal. For the reasons that follow, we will deny their petition.

Chandra is a native and citizen of Indonesia and an ethnic Chinese Christian. She most recently entered the United States as a non-immigrant visitor on August 22, 2002 and overstayed her visa. She married Hadipranata in Indonesia in 1993. He is also a native and citizen of Indonesia. He entered the United States as a non-immigrant visitor on April 21, 1998 and overstayed his visa. They have three children, all of whom remain in Indonesia, along with Chandra's mother, father and two siblings. On November 13, 2002, Chandra filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Hadipranata sought asylum as a derivative of Chandra's application. On July 19, 2004, both petitioners were charged with removability. The IJ found petitioners removable as charged and denied all relief. The BIA affirmed without opinion. Through counsel, petitioners filed a petition for review, which the Government opposes.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Because the BIA affirmed without opinion, we review the IJ's decision as if it were the decision of the BIA. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003). We review the IJ's factual findings for "substantial evidence." See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we will uphold these findings unless the evidence not only supports a contrary conclusion, but compels it. See id.

To be granted asylum, an applicant must establish that she is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political

2

opinion." 8 U.S.C. § 1101(a)(42). To be entitled to withholding of removal, an applicant must prove that it is more likely than not that her "life or freedom would be threatened in that country" on account of a protected ground. See 8 U.S.C. § 1231(b)(3). For relief under the CAT, an applicant must demonstrate that it is more likely than not that she would be tortured if removed to her country of origin. See 8 C.F.R. § 208.16(c)(2).

This Court has defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). It is clear that there must be a nexus between the alleged persecution and a protected ground. See 8 U.S.C. §§ 1101(a)(42), 1231(b)(3). Accordingly, an applicant must provide some evidence of motive, whether direct or circumstantial. See Lie v. Ashcroft, 396 F.3d 530, 535 (3d Cir. 2005) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). An asylum applicant who has demonstrated past persecution is entitled to a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1). Absent a showing of past persecution, an applicant must demonstrate a subjective fear of future persecution and show that a reasonable person in her situation would fear persecution if returned to her country of origin. See 8 C.F.R. § 1208.13(b)(2). An applicant can meet this objective prong either by showing that she would be individually singled out for persecution upon her return or that a pattern and practice of such persecution exists. See 8 C.F.R. § 1208.13(b)(2)(iii).

3

We agree with the IJ that Chandra failed to demonstrate past persecution or a likelihood of future persecution should she be returned to Indonesia. In support of her application, Chandra testified that she was sexually harassed on at least two occasions as a child, that during the riots in 1998 her car was attacked by a mob and she was robbed, and that in 2002 she and her sister were driving during a rainstorm when her car got stuck in the rain and some people blocked the car and demanded money. According to Chandra, neither she nor her parents ever reported any of these incidents to the police because they did not have money to pay their bribes and did not think the police would believe them. Chandra explained that she is afraid to return to Indonesia because she believes it is unsafe for her and that such incidents will happen to her again. She testified that since first entering the United States in February 1999, she has returned to Indonesia three times to see her children, who remain there with her parents.

The IJ found that, while Chandra's testimony was credible, the incidents she related were not sufficiently severe and extreme to constitute past persecution, and that there was no evidence in the record to suggest that Chandra might be singled out for future persecution if she and her husband were to return to Indonesia. Additionally, the IJ found that neither our case law nor the evidence in the record supported a finding of a pattern and practice of persecution of ethnic Chinese Christians in Indonesia. In her petition for review, Chandra argues that the IJ ignored the nature and gravity of the incidents described by Chandra in her testimony, erred in concluding that she had not established a nexus between the incidents she described and a protected ground, and did not adequately consider the evidence in the record

4

indicating that ethnic Chinese Christians continue to be discriminated against by native Indonesians. We have reviewed Chandra's arguments as well as the record before the IJ, and we cannot conclude that the evidence presented compels a contrary conclusion.

Chandra claims that the IJ failed to accord sufficient weight to the sexual nature of the attacks against her, and challenges the IJ's conclusion that she failed to demonstrate a sufficient nexus between the attacks she described and a protected ground. She relies in part on Matter of O-Z- & I-Z-, 22 I. & N. Dec. 23 (BIA 1998), in which the asylee's son was forced to pull down his pants in school to prove that he was circumcised, a fact which was cited by the BIA as proof that he was targeted for harassment based on his religion. Id. at 25-26. She also argues that her case is distinguishable from Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), in which we held that "the evidence of general ethnic difficulties would not compel a reasonable fact finder to conclude that the intrusions were 'on account of' Lie's ethnicity or religion." Id. at 535-36. In the instant case, however, Chandra set forth no evidence that any of the attacks against her, sexual or otherwise, were motivated by her religion or ethnicity.

Next, Chandra contests the IJ's conclusion that she failed to establish a pattern and practice of persecution of ethnic Chinese Christians in Indonesia. Chandra argues that the IJ failed to adequately consider the background materials she submitted, which she contends demonstrate that such persecution is ongoing. We considered such material in Wong v. Attorney General, 539 F.3d 225 (3d Cir. 2008), in which we held that petitioner had not demonstrated a pattern and practice of persecution of ethnic Chinese Christians in Indonesia

based on the 2003 and 2004 State Department reports. See id. at 233-34; see also Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005) (concluding no pattern and practice of persecution based on 1999 State Department report). Additionally, we noted in dicta that the more recent State Department reports published between 2005 and 2007 document similar or improved treatment of Chinese Christians in Indonesia. See Wong, 539 F.3d at 234.

Based on the foregoing, we cannot conclude that the evidence in the record compels a conclusion contrary to that reached by the IJ. Additionally, we conclude that Chandra's claim that the BIA erred in affirming the decision if the IJ without opinion is without merit. See 8 C.F.R. § 1003.1(e)(4); Smriko v. Ashcroft, 387 F.3d 279, 294 (3d Cir. 2004). Accordingly, we will deny the petition for review.